IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL ANTHONY CHENEVERT,       )<br>       Plaintiff,                                    )<br>                                                      )<br>v.                                                    )<br>                                                      )<br>B.L. KANODE, *et al.*,                      )<br>       Defendants.                             ) | Civil Action No. 7:21-cv-00562<br><br>By: Elizabeth K. Dillon<br>       United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Paul Anthony Chenevert's motion for preliminary injunction (Dkt. No. 36), to which defendants have responded (Dkt. No. 38). Chenevert's motion must be denied because it seeks relief against non-defendants and is based on allegations that are unrelated to the claims and the relief sought in his complaint. Additionally, he has failed to show a likelihood of irreparable harm in the absence of an injunction. For these reasons, set forth in more detail herein, his motion will be denied.

I.  BACKGROUND

The operative complaint in this case is Chenevert's second amended complaint. (Dkt. No. 27.) In it, he sets forth various allegations, all based on events that took place at River North Correctional Center ("River North"). Nearly all the defendants are persons who work at that facility. His primary claim is that he was denied access to the law library on different dates and by different defendants. He also contends that his legal mail was read on several occasions and was confiscated, allegedly in order to "verify the sender." He further claims that he was threatened with the use of a canine if he did not withdraw grievances he had filed. (*See generally* Dkt. No. 27.)

Chenevert has since been transferred to Wallens Ridge State Prison ("Wallens Ridge"). In his motion for preliminary injunction, he complains that Wallens Ridge has a policy denying prisoners physical access to the law library. He notes that he is only able to obtain "cell delivery" of research materials. Because he is not in segregation, he believes he should be permitted regular access, and he contends that the restrictions are creating unconstitutional conditions. (Pl.'s Decl. & Mem. of Law at 1, Dkt. No. 36-1.) Chenevert asks that the court issue an injunction requiring "that he be permitted to visit the law library in person at least four hours per week." (*Id.*) He states that he will not be able to adequately prosecute his current lawsuit without the injunction he seeks. (*Id.* at 3.)

Defendants oppose Chenevert's motion, primarily on the ground that he is seeking injunctive relief arising from events at a different facility and that is unrelated to his claims in this suit.

## II.  DISCUSSION

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly." *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). The remedy may be granted only on a "clear showing" of entitlement to relief. *Winter*, 555 U.S. at 22.

Important here, a preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d

14, 16 (4th Cir. 1997). The movant thus must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Applying those standards, the court concludes that Chenevert's motion must be denied. First, he seeks relief presumably against non-defendants, as nearly all of the defendants he names are personnel at River North, while the injunction would be imposed against personnel at Wallens Ridge.[1] The court may not grant injunctive relief against individuals over whom it does not have jurisdiction. Nor does Chenevert allege that staff at Wallens Ridge "are in active concert or participation" with any party or its agents, employees, or attorneys, so as to permit an order to bind them. *See* Fed. R. Civ. P. 65 (d)(2) (explaining who may be bound by an injunction).

---

[1] The court acknowledges that several of the defendants in this case are VDOC personnel who are not assigned to a particular prison. Specifically, Chenevert names defendants Clarke, Robinson, Walters, and Richeson, describing them as persons employed at VDOC's Richmond offices and who failed to take "disciplinary action or other action to curb" the "pattern of atrocious civil rights violations being committed against plaintiff by the [River North] staff (defendants herein)." (Second Am. Compl. 85, Dkt. No. 27.) But to the extent the injunctive relief could be directed at them to alter the policy at Wallens Ridge, Chenevert is not entitled to that relief because he has not shown a likelihood of success on the merits of his claims against any of these individuals. Among other reasons, Chenevert fails to allege any personal involvement whatsoever by Robinson, Walters, or Richeson. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Likewise, his claims against Clarke rely on his allegation that his mother contacted Clarke "regarding plaintiff being denied access to the law library and also concerning the unlawful confiscation of his legal correspondence." (2nd Am. Compl. ¶¶ 11, 76.) The fact that a supervisor has knowledge of an alleged violation, without more, does not state a constitutional claim. *Cf. id.* Nor has Chenevert alleged facts sufficient to hold any of these defendants liable under a theory of supervisory liability. *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (setting forth elements to establish such liability).

Chenevert's motion is also subject to dismissal because it asks for relief that is unrelated to his underlying claims, in violation of the principles set forth in *Omega World Travel*. If Chenevert believes that the limitations on his law library access or interference with his mail at Wallens Ridge has violated his constitutional rights, he may assert such a claim in a separate lawsuit, after first exhausting his administrative remedies. But that claim is not before the court, and the harm claimed in his current motion is not "caused by the wrong claimed in the underlying action." *See Omega World Travel*, 111 F.3d at 16. Thus, the injunctive relief he seeks is not related to the claims in this lawsuit, and the court may not grant it. *See id.*

The court further notes that Chenevert has not shown that he is likely to suffer irreparable harm in the absence of an injunction. First of all, he admits that he can obtain legal materials from the law library, and he has been able to prosecute this case thus far. He has already responded to the motion to dismiss, and his response included citations to a number of cases and other legal authority. Second, there is nothing else he needs to research or file at this point in the case. Thus, a lack of access to the library is not likely to cause him irreparable harm. Lastly, if he needs additional, reasonable extensions to conduct any future legal research or to prepare any future filing, he may ask for them.

### III.  CONCLUSION

For the above reasons, it is hereby ORDERED that Chenevert's motion for preliminary injunction (Dkt. No. 36) is DENIED. The Clerk is directed to provide a copy of this order to the parties.

Entered: July 29, 2022.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge