IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL ANTHONY CHENEVERT,       ) | |
|     Plaintiff,                              ) | Civil Action No. 7:21-cv-00562 |
|                                    ) | |
| v.                                              ) | |
|                                    ) | By: Joel C. Hoppe |
| B.L. KANODE, *et al.*,                    ) |     United States Magistrate Judge |
|     Defendants.                           ) | |

**ORDER**

Plaintiff Paul Anthony Chenevert, a Virginia inmate proceeding *pro se*, filed this civil rights action against a number of defendants. The operative complaint is the second amended complaint. (Dkt. No. 27.) Defendants filed a motion to dismiss (Dkt. No. 39), which is fully briefed and ripe for disposition.[1] Defendant King also filed a supplemental motion to dismiss (Dkt. No. 47), addressing allegations raised not in the complaint itself, but in a different document in which plaintiff was attempting to provide identifying information for several Doe defendants.

In response to that motion, Chenevert filed what has been docketed as an "Amended Response" in opposition to King's supplemental motion to dismiss and what also appears to be an unauthorized sur-reply to defendants' reply in further support of their original motion to dismiss. (Dkt. No. 50.) Thereafter, defendants filed a motion to strike that document (Dkt. No. 51), to which Chenevert responded (Dkt. No. 53); Chenevert filed a separate response in opposition to the supplemental motion to dismiss (Dkt. No. 52); and Chenevert filed a document

---

[1] Defendants had previously filed two other motions to dismiss, in response to the original complaint and the amended complaint. Each was dismissed without prejudice after plaintiff was granted leave to amend.

called a motion for conference (Dkt. No. 54). The motion to strike and motion for conference have been referred to the undersigned.

## I. DISCUSSION

As noted, defendants' motion to strike (Dkt. No. 51) asks the court to strike the unauthorized sur-reply filed by Chenevert (Dkt. No. 50). Defendants move to strike not only because the filing is unauthorized and in violation of this court's local rules, but also because (like a prior filing by plaintiff, responding to a court order to provide more info about John/Jane Doe), it purports to add additional allegations and/or theories of recovery to the second amended complaint. (*See generally* Mot. Strike, Dkt No. 51.)

Defendants correctly point out that it is currently unclear exactly what Chenevert's claims are because his responses and other filings reference claims or theories of recovery that are not clearly set forth in his current complaint. As they state, Chenevert's filings "leave[] them wondering whether they should file a new motion to dismiss every time Plaintiff seemingly adds a claim." (*Id.* at 5.) At the same time, defendants admit that "arguably, the seeds of Plaintiff's new allegations may be found in the [second amended complaint]." (Mot. Strike 4.)

Chenevert's response to the motion to strike seems to believe—incorrectly—that defendants are seeking to strike an earlier-filed document by him, and he "agrees" that the earlier document should be struck. (*See* Dkt. No. 53.) As a result, his response is unhelpful and does not address the substance of the motion to strike.

Because Chenevert's filing clearly is an unauthorized sur-reply that attempts to amend his complaint through briefing, the court will grant the motion to strike. The court also considers, however, whether Chenevert should be given leave to amend in order to clarify his claims and allegations.

Amendment is governed by Federal Rule of Civil Procedure 15, which requires that leave to amend "shall be freely given when justice so requires." There are, however, limits to that generally liberal standard. In particular, the court may deny leave to amend where amendment would be futile, would prejudice defendants, or where plaintiff has brought an amendment in bad faith. *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006).

As noted above, Chenevert has already had two opportunities to amend and yet has continued to insert new facts or claims in separate filings. Defendants already have filed multiple motions to dismiss addressing his changing allegations. Thus, there is some prejudice to defendants from allowing yet another amendment. At the same time, and as defendants note, the "seeds" of his latest claims were in an earlier complaint. Importantly, moreover, allowing amendment hopefully will ensure that all parties—and the court—are clear about exactly what claims Chenevert is asserting against whom and what his allegations supporting those claims are.

In light of that background, the court will give Chenevert one final opportunity to amend. Specifically, the court will direct Chenevert to file a third amended complaint within thirty days after entry of this order. His third amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to any earlier-filed complaint, documents, or attachments. It must list his claims separately, clearly state which claims are brought against which defendants, and provide specific facts to support each claim. Chenevert is warned that **no further amendments will be allowed**. This is his final time to amend his complaint in this case.

**If Chenevert fails to file a third amended complaint that complies with the instructions in this order within thirty days, then his second amended complaint will be the operative complaint in this matter. The second amended complaint will consist *only* of the**

3

**allegations set forth in Dkt. No. 27, and the court will not consider allegations or theories of recovery contained in other documents when ruling on the motions to dismiss.**

## II.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants' motion to strike (Dkt. No. 51) is **GRANTED**, and Chenevert's filing (Dkt. No. 50) is hereby **STRUCK** from the record;

2. Chenevert will be given one additional opportunity to amend.  To do so, he must file a third amended complaint within thirty days, and his third amended complaint must comply with all the instructions in this order.  After that, no further amendment will be allowed.  Additionally, if Chenevert fails to timely file a third amended complaint, then the second amended complaint (Dkt. No. 27)—without any further supplementation or allegations from any other documents—will be the governing complaint in this matter;

3. If Chenevert files a third amended complaint, then defendants are **DIRECTED** to answer or otherwise respond to the third amended complaint within thirty days after it is docketed by the Clerk; and

4. In light of the court's rulings herein clarifying the status of the case, Chenevert's motion for a conference (Dkt. No. 54) is **DENIED as unnecessary**.

It is so **ORDERED**.

ENTER: October 12, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge

THIRD AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
Western District of Virginia

Dillon
_____
District Judge
(Assigned by Clerk's Office)

Hoppe
_____
Mag. Referral Judge
(Assigned by Clerk's Office)

CIVIL ACTION NO. 7:21cv00562
_____
(Assigned by Clerk's Office)

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or <u>BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)</u>**

Paul Anthony Chenevert                                  1801376
_____            _____
Plaintiff Name                                                        Inmate No.
        v.

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

**IF YOU NEED TO ADD MORE DEFENDANTS, USE A SEPARATE SHEET OF PAPER, AND PUT NAME AND ADDRESS FOR EACH NAMED DEFENDANT.
TITLE THE SECOND PAGE "CONTINUED NAMED DEFENDANTS"**

*************************************************************************************************

**A.  <u>Where are you now?</u>** Name **_and_** Address of Facility:

_____

_____

 **B.** Where did this action take place?

_____

 **C.** Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

  _____ Yes  _____ No

 If your answer to A is Yes, answer the following:

  1. Court: _____

  2. Case Number: _____

 **D.** Have you filed any grievances regarding the facts of this complaint?

  _____ Yes  _____ No

  1. If your answer is Yes, indicate the result:

_____

_____

  2. If your answer is No, indicate why:

 **E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_____

_____

_____

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:
(Additional Supporting Facts may be placed on a separate paper titled ADDITIONAL SUPPORTING FACTS)

_____

_____

_____

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

_____

_____

_____

**G.** If this case goes to trial, do you request a trial by jury?   Yes _____   No _____

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address **after** I have been released or transferred or my case may be dismissed.

DATED:_____   SIGNATURE: _____

VERIFICATION:
I,_____, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:_____   SIGNATURE: _____

Updated  9/9/22

When submitting handwritten documents, leave enough space at the top, the bottom, and the sides. Those documents are scanned into the Court's database by hand, which is then the official record.

Please do not use tape or staples on documents.